IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 15-256 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| DAMIEN GIBSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Damien Gibson's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act of 2018, ("Motion for Reduction," Doc. 1063). For the reasons discussed below, Defendant's Motion for Reduction will be denied.

Unfortunately, Defendant contracted COVID-19 while housed at FCI-Elkton. (Motion for Reduction at 2.) Defendant asserts that after he tested positive for the virus, he was moved to a quarantine pod, and that the conditions there make it impossible for him to effectively recover. (Id. at 16–17, 22; Reply at 11–12.) Defendant contends that he will recover more effectively if released from custody, and that an appropriate plan is in place for him to do so without infecting others. (Motion for Reduction at 21–22.)

In Response, the Government argues that Defendant has failed to exhaust his administrative remedies, failed to show any "extraordinary and compelling reasons" required by statute for a reduction in sentence, and is a "not a good candidate" for release. (See generally Response.)

The statute controls the Court's decision here. Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

Simply, Defendant has not shown any extraordinary or compelling reason for any reduction in his sentence. While Defendant has contracted the virus, he has no pre-existing conditions and his symptoms are not severe. (E.g., Motion for Reduction at 18 (Defendant "entered the institution as a healthy inmate without preexisting medical vulnerabilities."); id. at 17 (Defendant "continues to suffer flu-like symptoms.").) Rather, Defendant relies almost exclusively on the conditions at FCI-Elkton. (E.g., Motion for Reduction at 17 (characterizing officials' response to the virus at the facility as "grossly inadequate.").)

Defendant attaches to his Motion for Reduction, and relies heavily on, a May 19, 2020 order enforcing a preliminary injunction from the Northern District of Ohio against officials at FCI-Elkton in Wilson v. Williams, No. 20-794, 2020 WL 2542131 (N.D. Ohio May 19, 2020); (Doc. 1063-2). In his Reply, submitted on June 18, 2020, he argues that the findings of that court "regarding FCI Elkton's inability to control the outbreak remain valid." (Reply at 14.) However, on June 9, 2020, the Court of Appeal for the Sixth Circuit vacated the district court's preliminary injunction. 961 F.3d 829, 845 (6th Cir. 2020). In doing so, the majority determined that officials at Elkton have "put in place and updated [Elkton's] protocols to address the novel risks from COVID-19. The BOP's steps to prevent and mitigate COVID-19 spread at Elkton are likely reasonable responses to this serious risk." Id. at 844. Particularly relevant to Defendant's request here, the Court of Appeals for the Sixth Circuit rejected the idea that officials at Elkton

3

should have increased the use of "transfer, home confinement, or furlough" instead of, or in addition to, the other strategies officials employed at mitigate the spread of the virus.  Id.

While the Court is sympathetic to Defendant's situation, under the circumstances here, the Court does not find Defendant has presented any individualized extraordinary or compelling reason for a reduction of his sentence.  See also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *8 (3d Cir. Apr. 2, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's . . . extensive and professional efforts to curtail the virus's spread.").

Therefore, consistent with the above, Defendant's Motion for Reduction of Sentence, (Doc. 1063), is DENIED.

    IT IS SO ORDERED.


July 15, 2020                                            s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge


cc (via ECF email notification):

All Counsel of Record